UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

PETER RUPP,

*Plaintiff*,

-against-

9:24-CV-00394
(GTS/ML)

ASAT M.J. YOUNIS; SGT R.B.
HOWARD; SGT SHORT; CORRECTION
OFFICER RASTANI; CORRECTION
OFFICER ATCHER; CORRECTION
OFFICER JOHN DOES #1-10,

*Defendants*.

_____

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
PURSUANT TO FED R. CIV. P. §12(b)(6)**

LETITIA JAMES
Attorney General of the State of New York
Syracuse Regional Office
Attorney for Defendants
300 S. State Street, Ste. 300
Syracuse, NY 13202

By:    Elizabeth Lombardi, Esq.
Assistant Attorney General, of Counsel
Bar Roll No. 516178
Telephone: (315) 468-7652
Fax: (315) 448-4853
E-mail: Elizabeth.Lombardi@ag.ny.gov

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………………….…..ii

PRELIMINARY STATEMENT……………………………………………………………..1

STANDARD OF REVIEW……………………………………………………………..2

POINT I:    PLAINTIFF'S CLAIMS AGAINST DEFENDANT ASAT M.J. YOUNISH MUST BE DISMISSED FOR FAULRE TO PROPERLY PLEAD PERSONAL INVOLVEMENT…………………...……………………………………….3

POINT II:    PLAINTIFF'S FIRST CLAIM FOR RELEIF, USE OF EXCESSIVE FORCE IN VIOLATION OF PLAINITFF'S FOURTH AMENDMENT RIGHTS SHOULD BE DISMISSED….…………………………………………………………..7

POINT III:    ANY PERCEIVED CLAIM OF EXCESSIVE FORCE SHOULD BE DISMISSED………………………………………………...……………10

POINT IV:    PLAINTIFF'S SECOND CLAIM FOR RELEIEF, FAILURE TO INTERVENE, SHOULD BE DISMISSED……………………………………………………12

POINT V:    PLAINTIFF'S SECOND CLAIM FOR RELIEF, THAT DEFENDANTS ENGAGED IN A CONSPIRACY, SHOULD BE DISMISSED…………………14

POINT VI:    PLAINTIFF'S THIRD CLAIM FOR RELIEF, DELIBERATE INDIFFERENCE, SHOULD BE DISMISSED……………………………………………………16

CONCLUSION…………………………………………………………………………..18

## TABLE OF AUTHORITIES

**CASES**

Adams v. City of New York, 2023 WL 2734611, (E.D.N.Y. Mar. 31, 2023)……………..…..17

Albright v. Oliver, 510 U.S. 266 (1994)………...…………………………..…………….…..2

Anderson v. Branen, 17 F.3d 552 (2d Cir. 1994)……………...…………………….…...…..12

Ashcroft v. Iqbal, 556 U.S. 662 (2009)……………………………………………………..2, 3

Atuahene v. City of Hartford, 10 F. App'x 33 (2d Cir. 2001)…………………….……4, 11, 13, 17

Bass v. Jackson, 790 F.2d 260 (2d Cir. 1986)……………..……………………………...…...…..4

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)………………………………………3

Bell v. Wolfish, 441 U.S. 520 (1979)…………………………………………..……………..9

Blyden v. Mancusi, 186 F.3d 252 (2d Cir. 1999)…………………………...………………..10

Boddie v. Schnieder, 105 F.3d 857 (2d Cir. 1997)………………………………………..6, 15

Brisman v. Graham, 2016 WL 11480173 (N.D.N.Y. July 18, 2016)…………….…..…..10, 11

Brown v. Venettozzi, 2019 WL 4194432 (S.D.N.Y. September 4, 2019)…………………….6

Burroughs v. Mitchell, 325 F.Supp.3d 249 (N.D.N.Y. Sep. 6, 2018)………………….…...14, 15

Carroll v. United States, 267 U.S. 132 (1925)………...…………………………..……..8

Ciambriello v. County of Nassau, 292 F.3d 307 (2d Cir. 2002)…………………………14, 15

Cicio v. Graham, 2010 WL 980272 (N.D.N.Y. March 15, 2020)……………………..………12

Cook v. Quattrochi, 2020 WL 564082 (S.D.N.Y. Feb. 5, 2020)..………….……..…………….6

Crawford v. Cuomo, 796 F.3d 252 (2d Cir. 2015)..……………………………………..…...9

Curley v. Village of Suffren, 268 F. 3d 65 (2d Cir. 2001)…………………….……………..12

De Ponceau v. Bruner, 9:09-CV-00605, 2012 WL 1030415 (N.D.N.Y. Feb. 21, 2012)...……..…10

Demosthene v. City of New York, 14-CV-816, 2015 WL 5093116 (E.D.N.Y. June 26, 2015), *report and recommendation adopted*, 2015 WL 5093164, *aff'd*, 831 F. App'x. 530 (2d Cir. 2020)………………………………………………………………………….......14

Everett v. Dean, No. 320CV1260GTSML, 2021 WL 3038390 (N.D.N.Y. June 2, 2021)……..3, 16

Francis v. City of New York, 235 F.3d 763 (2d Cir. 2000). ………………………………..4

Figueroa v. Mazza, 825 F.3d 89 (2d Cir. 2016)……………………………………….…..13

Freeman v. Rideout, 808 F.2d 949 (2d Cir. 1986), cert. denied, 485 U.S. 982 (1988)……………..6

Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985)……………………………………..……..….3

Graham v. Connor, 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)……………..……7

Graham v. Peters, 2013 WL 5924727 (W.D.N.Y. Oct. 31, 2013)…………………….……….14

Hendrickson v. U.S. Attorney Gen., 91-CV-8135, 1994 WL 23069 (S.D.N.Y. Jan. 24, 1994)……………………………………………………………………………….……...16

Holmes v. Allstate Corp., No. 11-CV-1543, 2012 WL 627238 (S.D.N.Y. Jan. 27, 2012)……......5

Houston v. Coveny, 2020 WL 1151345 (W.D.N.Y. March 9, 2020) ……………………..……….9

Hudson v. McMillian, 503 U.S. 1 (1992)…………………………………………...…………10

Hudson v. Palmer, 468 U.S. 517 (1984)……………………………………………………....8

Jackson v. Jackson, 2018 WL 1918626 (S.D.N.Y. Apr. 20, 2018)……………………….…….7

Jackson v. Onondaga County, 549 F.Supp.2d 204 (N.D.N.Y. 2008)…………………...……..2

Jaufman v. Levine, 2007 WL 2891987 (N.D.N.Y. 2007)…………………………………......2

Jean-Laurent v. Wilkerson, 438 F. Supp. 2d 318 (S.D.N.Y. 2006), aff'd, 461 F. App'x 18 (2d Cir. 2012)………………………………………………………………..……………………8

Jeffery v. City of New York, 20-CV-2843 (NGG) (RML), 2022 WL 204233 (E.D.N.Y. Jan. 24, 2022)……………………………………………………………………………..4, 12, 13, 17

Jennejahn v. Vill. Of Avon, 575 F.Supp.2d, 473 (W.D.N.Y. 2008)………………………..…….7

LaPietra v. City of Albany Police Dep't, No. 919CV1527TJMTWD, 2020 WL 5891888 (N.D.N.Y. Oct. 5, 2020), report and recommendation adopted, No. 9:19-CV-1527, 2020 WL 7021589 (N.D.N.Y. Nov. 30, 2020). ……………………………………………..………..16

LaRocco v. N.Y.C. Department of Corrections, No. 99CIV.9759SHSRLE, 2001 WL 1029044, (S.D.N.Y. Aug. 31, 2001)………………………………………………...….…………….11

Liner v. Fischer, 2013 WL 3168660 (S.D.N.Y. June 24, 2013)…………………...……….14

Massari v. Ryerse, 2024 WL 2116827 (W.D.N.Y. March 28, 2024). ……………………….15

Mowry v. Noone, 2004 WL 2202645 (W.D.N.Y. Sept. 30, 2004)………………………….12

O'Neill v. Krzemiski, 839 F.2d 9 (2d Cir. 1998) ………………………………………….13

Pangburn v. Culbertson, 200 F.3d 65 (2d Cir. 1999)………………………………..………14

Piper v. City of Elmira, 12 F.Supp.3d 577 (W.D.N.Y., Mar. 28, 2014)……………………….7

Pittman v. Forte, 2002 WL 31309183 (N.D.N.Y. July 11, 2002) )……………………………6

Provost v. City of Newburgh, 262 F.3d 146 (2d Cir. 2001)……………………………..………4

Reid v. Coughlin, No. 86 CIV. 1351 (LAP), 1994 WL 23152 (S.D.N.Y. Jan. 26, 1994)………....11

Romano v. Howarth, 998 F.2d 101 (2d Cir. 1993)……………………...……………………...10

Romer v. Morgenthau, 119 F.Supp.2d 346 (S.D.N.Y. 2000)………………….......…………...15

Santana v. Olson, 2007 WL 2712992 (W.D.N.Y. Sept. 13, 2007) ……………….…………….6

Scott v. Coughlin, 344 F.3d 282 (2d Cir. 2003)…………………………………….....……10

Sommer v. Dixon, 709 F.2d 173 (2d Cir. 1983)………………………...…………....…….15

Tafari v. McCarthy, 714 F. Supp. 2d 317 (N.D.N.Y. 2010)……………………….....…...12, 13

Tavares v. City of New York, No. 08 Civ. 3782, 2011 WL 5877550 (S.D.N.Y. Oct. 17, 2011)……9

Torres v. City of New York, 2019 WL 7602181 (S.D.N.Y. Aug. 14, 2019)………...…..…...…...8, 9

Valmonte v. Bane, 18 F.3d 992 (2d Cir.1994)………………………………………………2

Vann v. Griffin, No. 16cv9903, 2018 WL 6199860 (S.D.N.Y. Nov. 28, 2018)……………...……8

Vaughn v. Strickland, 2013 WL 3481413 (S.D.N.Y. July 11, 2013)…………………….....…….8

Vega v. Artus, 610 F.Supp.2d 185 (N.D.N.Y. 2009)…………………………….…..…....…….14

Washpon v. Parr, 561 F.Supp.2d 394 (S.D.N.Y. 2008)………..…………………..…….....…….7

Webb v. Foreman, 1997 WL 379707 (S.D.N.Y. July 9, 1997)………………..……………...…….8

Webb v. Goord, 340 F.3d 105 (2d Cir. 2003)…………………………....………...…....…….15

Willey v. Kirkpatrick, 801 F. 3d 51 (2d Cir. 2015)…………………………………….…….6

Wright v. Goord, 554 F.3d 255 (2d Cir. 2009)……………………………...……....…….10

Wright v. Orleans Cty., No. 14-CV-622, 2015 WL 5316410 (W.D.N.Y. Sept. 10, 2015)…...…….5

Wright v. Smith, 21 F.3d 496 (2d Cir. 1994)…...………………………………….…..4, 16

Ying Li v. City of New York, No. 15-CV-1599, 2017 WL 1208422 (E.D.N.Y. Mar. 31, 2017)…...5

**STATUTES**

42 U.S.C. § 1983……………………………………………………………………………..1

Fed. R. Civ. P. § 12(b)(6)…………………………………………………………...…..2

## PRELIMINARY STATEMENT

On March 21, 2024, Plaintiff filed a Complaint alleging that pursuant to 42 U.S.C. §1983, Defendants violated his federal and state constitutional rights while in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Mid-State Correctional Facility. (ECF No. 1). A First Amended Complaint was filed on May 15, 2024, identifying Defendants ASAT M.J. Younis, Sgt. R.B. Howard, Sgt. Short, Correction Officer Rastani, and Correction Officer Atcher. (ECF No. 7).

Specifically, Plaintiff alleges that on October 12, 2021, Plaintiff was "wrongly" evicted from the Veterans Honor Dorm at Mid-State Correctional Facility by Defendant Younis, a civilian DOCCS employee. (Id. at ¶13). Further, Plaintiff alleges Defendant Younis wrote a false ticket against him, he was pat frisked and verbally threatened by Defendant Sgt. Howard, and physically assaulted by Correction Officers. (Id. at 15, 16, 17). Plaintiff alleges that Defendant Sgt. Howard and Defendant Does 1-5 ignored Plaintiff's injuries and "battered him" while transporting him to the Special Housing Unit ("SHU"). (Id. at 19). Upon arriving there, Defendant Sgt. Short and Defendant Does 6-10 allegedly assaulted the Plaintiff and failed to provide him medical care. (Id. at 20). After the alleged assault, Plaintiff alleges he was ticketed a second time by Defendant Sgt. Howard and "was wrongly charged and falsely punished in the SHU based on these two improper disciplinary tickets." (Id. at 23, 24).

On April 19, 2022, Plaintiff alleges he was assaulted twice by a group of incarcerated individuals at Mid-State Correctional Facility. (Id. at 25). Prior to the assault, Plaintiff alleged that Defendants Officer Rastani and Officer Atcher yelled at the Plaintiff claiming Plaintiff was a "rat", forced him into a pat and frisk position, and continued to threaten Plaintiff. (Id. at 26, 27). Plaintiff alleges he was assaulted later that day for being a "rat", after which he was forced by other

incarcerated individuals to pack his belongings and leave the housing unit. (Id. at 29, 30). After being transferred, Plaintiff alleges he was denied medical treatment by various unnamed Correction Officers. (Id. at 31, 32, 34).

Plaintiff's Amended Complaint contains three Claims for Relief, the first being that Defendants used physical force against the Plaintiff, which was excessive, and violated the Plaintiff's Fourth Amendment rights. (Id. at 41, 43, 44). The Second Claim for Relief alleges that Defendants failed to intervene to prevent, end, or report the unlawful and unconstitutional conduct, and that they conspired to deprive Plaintiff of his civil rights. (Id. at 48, 50).  Third, and finally, Plaintiff alleges that the Defendants acted with deliberate indifference by disregarding an excessive risk to Plaintiff's safety. (Id. at 55, 56 ).

In lieu of filing an answer, the Defendants move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure §12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Jackson v. Onondaga County, 549 F.Supp.2d 204, 211 (N.D.N.Y. 2008); Fed.R.Civ.P. 12(b)(6). When addressing a motion to dismiss under this Rule, the Court accepts as true all of the factual allegations in the complaint and draws inferences from those allegations in the light most favorable to the plaintiff. Jaufman v. Levine, 2007 WL 2891987, at *5 (N.D.N.Y. 2007)(citing  Albright v. Oliver, 510 U.S. 266, 268 (1994)). Dismissal is proper only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id., (citing Valmonte v. Bane, 18 F.3d 992, 998 (2d Cir.1994)). This presumption of truth, however, does not extend to legal conclusions. See, Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citation omitted).

"The court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). In order "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 677-78 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," Twombly, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" Id. at 570.

## ARGUMENT

## POINT I:  PLAINTIFF'S CLAIMS AGAINST DEFENDANT ASAT M.J. YOUNIS MUST BE DISMISSED FOR FAILURE TO PROPERLY PLEAD PERSONAL INVOLVEMENT

The "[p]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [section] 1983." Everett v. Dean, No. 320CV1260GTSML, 2021 WL 3038390, at *5 (N.D.N.Y. June 2, 2021), report and recommendation adopted, No. 320CV1260GTSML, 2021 WL 3032690 (N.D.N.Y. July 19,

2021)(citing <u>Wright v. Smith</u>, 21 F.3d 496, 501 (2d Cir. 1994)).”In order to prevail on a section 1983 cause of action against an individual, a plaintiff must show ‘a tangible connection between the acts of a defendant and the injuries suffered.’” <u>Id.</u>, citing <u>Bass v. Jackson</u>, 790 F.2d 260, 263 (2d Cir. 1986). “[D]irect participation as a basis of liability in this context requires intentional participation in the conduct constituting a violation of the victim's rights by one who knew of the facts rendering it illegal.” <u>Id.</u>, citing <u>Provost v. City of Newburgh</u>, 262 F.3d 146, 155 (2d Cir. 2001) (internal quotation marks omitted). “To be sufficient before the law, a complaint must state precisely who did what and how such behavior is actionable under law.” <u>Id.</u>, citing <u>Hendrickson v. U.S. Attorney Gen.</u>, 91-CV-8135, 1994 WL 23069, at *3 (S.D.N.Y. Jan. 24, 1994).

Here, Plaintiff has not properly pled the personal involvement of Defendant ASAT M.J. Younis. Separate from the substantive personal involvement requirement discussed above, it is a pleading requirement that, to adequately state a claim, a plaintiff's complaint must “differentiate which defendant[s] w[ere] involved in [what] unlawful conduct.” <u>See</u>, <u>LaPietra v. City of Albany Police Dep't</u>, No. 919CV1527TJMTWD, 2020 WL 5891888, at *8 (N.D.N.Y. Oct. 5, 2020), <u>report and recommendation adopted</u>, No. 9:19-CV-1527, 2020 WL 7021589 (N.D.N.Y. Nov. 30, 2020).

Indeed, “[a] complaint that ‘lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct’ fails to adequately state a claim because it does not give each defendant notice of their alleged conduct on which the claim rests.” <u>Adams v. City of New York</u>, No. 21CV3956RPKLB, 2023 WL 2734611, at *6 (E.D.N.Y. Mar. 31, 2023)(citing <u>Atuahene v. City of Hartford</u>, 10 F. App'x 33, 34 (2d Cir. 2001)). Accordingly, courts in this circuit routinely find that group pleading is insufficient to allege the personal involvement necessary for Section 1983 liability. <u>Id.</u>, citing <u>Jeffery v. City of New York</u>, 20-CV-2843 (NGG) (RML), 2022 WL 204233, at *4 (E.D.N.Y. Jan. 24, 2022), <u>certificate of appealability denied</u>, 2022

WL 2704760 (E.D.N.Y. July 12, 2022) (finding a complaint failed to state a claim because the "undifferentiated group pleadings ... [were] inadequate to allege either direct participation or policy-making involvement"). See also, Ying Li v. City of New York, No. 15-CV-1599, 2017 WL 1208422, at *6 (E.D.N.Y. Mar. 31, 2017); Wright v. Orleans Cty., No. 14-CV-622, 2015 WL 5316410, at *13 (W.D.N.Y. Sept. 10, 2015) (noting in a § 1983 case that "[g]roup pleading is insufficient for purposes of Rule 8(a)(2), which requires a short and plain statement of the claim showing that the pleader is entitled to relief" )(citation and quotation marks omitted)); Holmes v. Allstate Corp., No. 11-CV-1543, 2012 WL 627238, at *7, *22 (S.D.N.Y. Jan. 27, 2012) ("Rule 8(a) is violated where a plaintiff, by engaging in 'group pleading,' fails to give each defendant fair notice of the claims against it.").

Here, Plaintiff's allegations against Defendant Younis are brief and vague. With respect to Defendant Younis, Plaintiff contends he was "wrongly" evicted by her from the Veterans Honor Dorm at Mid-State Correctional Facility (ECF No. 7 at ¶13). Further, that when Plaintiff approached Defendant Younis to discuss his eviction, Defendant Younis "screamed" and "threatened" him by using her personal relationship with a Correction Officer as "leverage". (Id. at 14). Plaintiff also alleges that Defendant Younis wrote a false ticket against him based on their interaction. (Id. at 15).

However, Plaintiff fails to allege facts supporting any of these conclusory contentions. Moreover, Defendant Younis is not named in connection with the alleged incident on April 19, 2022. Plaintiff fails to include facts regarding Defendant Younis' participation in depriving Plaintiff of his Fourth Amendment rights by using excessive force, failing to intervene, engaging in a conspiracy, and violating Plaintiff's Eighth Amendment rights by being deliberately indifferent to his safety.

In sum, Plaintiff's Complaint contains impermissible group pleadings. He fails to provide Defendant Younis with fair notice of the claims against her. Consequently, the Complaint against Defendant Younis should be dismissed.

Additionally, it is well settled that "a prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report." Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997) (citing Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986), cert. denied, 485 U.S. 982 (1988)); accord, Pittman v. Forte, 2002 WL 31309183, at *5 (N.D.N.Y. July 11, 2002); see also, Santana v. Olson, 2007 WL 2712992, at *2 (W.D.N.Y. Sept. 13, 2007) ("[T]he filing of a false behavior report by a correctional officer does not state a claim for relief."). However, there are two exceptions to this rule where an incarcerated individual is "able to show either (1) that he was disciplined without adequate due process as a result of the report; or (2) that the report was issued in retaliation for exercising a constitutionally protected right." Willey v. Kirkpatrick, 801 F. 3d 51, 62 (2d Cir. 2015); see also, Cook v. Quattrochi, 2020 WL 564082, at *2 (S.D.N.Y. Feb. 5, 2020).

Here, Plaintiff has failed to state any due process violation in connection to the alleged "false ticket" written by Defendant Younis. Further, Plaintiff has not plausibly alleged that the "false ticket" was in retaliation for exercising any constitutional right[1]. See, Brown v. Venettozzi, 2019 WL 4194432, at *5 (S.D.N.Y. September 4, 2019) (holding that a defendant's allegedly false misbehavior report and testimony did not violate the plaintiff's constitutional rights where the plaintiff had not been "disciplined without adequate due process," and the plaintiff did not allege

---

[1] Plaintiff also alleges he was "falsely" ticketed a second time for the interaction with Defendant Younis by Defendant Sgt. Howard (ECF No. 7 at ⁋23). Plaintiff states that he "was wrongly charged and falsely punished in the SHU based on these two "improper disciplinary tickets." (Id. at 24). Once again, Plaintiff fails to plead that he was deprived of his due process rights in his transfer to the SHU or that this was retaliation for his exercise of a constitutionally protected right.

that the false report was issued in retaliation for his exercise of a constitutionally protected right); Jackson v. Jackson, 2018 WL 1918626, at *3 (S.D.N.Y. Apr. 20, 2018) (holding that a plaintiff's claim "stemming from [an] allegedly false misbehavior report" failed to state a claim "because the factual allegations d[id] not support the contention that [the] [p]laintiff was disciplined without adequate due process as a result of the allegedly false report, or that the report was issued in retaliation for exercising a constitutionally protected right"). Therefore, the Plaintiff's Complaint against Defendant ASAT M.J. Younis should be dismissed.

**POINT II:   PLAINTIFF'S FIRST CLAIM FOR RELIEF, USE OF EXCESSIVE FORCE IN VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS, SHOULD BE DISMISSED**

"Claims arising from the use of force during an arrest are judged by the "objective reasonableness" standard of the Fourth Amendment." Piper v. City of Elmira, 12 F.Supp.3d 577, 587 (W.D.N.Y., Mar. 28, 2014); see Graham v. Connor, 490 U.S. 386, 397, 109 SCt. 1865, 104 L.Ed.2d 443 (1989). "Determination of whether the amount of force used to seize someone was reasonable "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests a[t] stake." Piper, 12 F.Supp.3d at 587 (quoting Graham, 490 U.S. at 396.) "Although a showing of excessive force does not require proof of permanent injury", Jennejahn v. Vill. Of Avon, 575 F.Supp.2d, 473, 480-481 (W.D.N.Y. 2008), "de minimis injuries may indicate that the amount of force was likewise de minimis". Piper, 12 F.Supp.3d at 593; see, Washpon v. Parr, 561 F.Supp.2d 394, 407 (S.D.N.Y. 2008).

Plaintiff alleges in his First Claim for Relief that "Plaintiff's seizure and detention at the hands of Defendants was made in the absence of probable cause." (ECF No. 7 at ¶42). Further, Plaintiff alleges "[e]ven assuming arguendo that Plaintiff's arrest was lawful, Defendants engaged

in the use of force that was excessive, malicious, gratuitous, and with the intention of inflicting physical and emotional harm to plaintiff." (Id. at ⁋43). Thus, Plaintiff argues his Fourth Amendment rights were violated. (Id. at ⁋44).

However, Plaintiff's Complaint alleges facts that occurred while Plaintiff was in the custody of DOCCS at Mid-State Correctional Facility (Id. at ⁋1). All factual allegations in the Complaint are after the date of his arrest. Subsequently, Plaintiff has failed to state a claim that his Fourth Amendment rights were violated at the time of his arrest as there are no facts alleged in the Complaint about his arrest.

Even if Plaintiff properly pled a Fourth Amendment claim, the Fourth Amendment prohibits only unreasonable searches. Carroll v. United States, 267 U.S. 132, 147 (1925). "[T]he Supreme Court has held that 'the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell.'" Torres v. City of New York, 2019 WL 7602181, at *10 (S.D.N.Y. Aug. 14, 2019) (quoting Hudson v. Palmer, 468 U.S. 517, 626 (1984)). "There is a long-established principle that the routine, random strip searches of inmates, including body cavity inspections, do not violate the Fourth Amendment." Vann v. Griffin, No. 16cv9903, 2018 WL 6199860, at *4 (S.D.N.Y. Nov. 28, 2018) (quoting Vaughn v. Strickland, 2013 WL 3481413, at *4 (S.D.N.Y. July 11, 2013).

"Nevertheless, 'the Fourth Amendment still requires all searches conducted within a prison, including strip searches, to be reasonable.'" Id. (quoting Jean-Laurent v. Wilkerson, 438 F. Supp. 2d 318, 323 (S.D.N.Y. 2006), aff'd, 461 F. App'x 18 (2d Cir. 2012)). "A pat-frisk can become unreasonable, and therefore violate the Fourth Amendment, based on the way in which it is conducted." Webb v. Foreman, 1997 WL 379707, at *4 (S.D.N.Y. July 9, 1997).

The test of reasonableness under the Fourth Amendment requires a balancing of the need for the search against the invasion of personal rights that it entails. Bell v. Wolfish, 441 U.S. 520, 559 (1979). The *Bell* four-factor test of reasonableness requires courts to consider: (1) the scope of the intrusion; (2) the manner in which the search was conducted; (3) the justification for commencing the search; and (4) the place in which the search was conducted. Id.at 559; see, Torres v. City of New York, 2019 WL 4784756, at *5 (S.D.N.Y. Sept. 30, 2019). "Indeed[,] prison security and safety may require frequent searches of an intensely personal nature." Crawford v. Cuomo, 796 F.3d 252, 258 (2d Cir. 2015) (citing Bell, 441 U.S. 560).

First, Defendant Sgt. Short is not alleged to have conducted any search of Plaintiff in the Complaint. Second, with respect to Defendants Officer Rastani and Officer Atcher, Plaintiff alleges that prior to his assault by a group of incarcerated individuals, these two Defendants "forced" him into a pat and frisk position and threatened him. (ECF No. 7 at ¶27). However, Plaintiff fails to state a claim that he was actually searched or pat frisked by Defendant Officers Rastani and Atcher. Therefore, any Fourth Amendment violation claims against these three Defendants must be dismissed.

Third Defendant Sgt. Howard and Defendant Does 1-5 are alleged to have pat frisked the Plaintiff in his dorm on October 12, 2021 (Id. at 16). There are no facts alleged in the Complaint that this pat frisk was unreasonable. "[C]onducting pat frisks on prisoners is a necessary procedure to ensure safety and security of prisons, and correction officers are authorized to conduct random pat frisks on free movement inmates going to or coming from services and programs." Houston v. Coveny, 2020 WL 1151345, at *5 (W.D.N.Y. March 9, 2020) (citing Tavares v. City of New York, No. 08 Civ. 3782, 2011 WL 5877550, at *6 (S.D.N.Y. Oct. 17, 2011). Therefore, any Fourth Amendment violation claims must be dismissed against Defendant Sgt. Howard as well.

**POINT III:   ANY PERCEIVED CLAIM OF EXCESSIVE FORCE SHOULD BE DISMISSED**

The Plaintiff has failed to plead that Defendants violated the Plaintiff's Eighth Amendment rights by using excessive force. However, even if Plaintiff did state a claim for this, the Eighth Amendment's prohibition against cruel and unusual punishment encompasses the use of excessive force against an incarcerated individual, who must prove two components: (1) subjectively, that the defendant acted wantonly and in bad faith, and (2) objectively, that the defendant's actions violated "contemporary standards of decency." Blyden v. Mancusi, 186 F.3d 252, 262-263 (2d Cir. 1999) (citing Hudson v. McMillian, 503 U.S. 1, 8 (1992)); see also, Wright v. Goord, 554 F.3d 255, 268 (2d Cir. 2009).

"To determine whether defendants acted maliciously or wantonly, a court must examine several factors including: the extent of the injury and the mental state of the defendant, as well as 'the need for the application of force; the correlation between that need and the amount of force used; the threat reasonably perceived by the defendants; and any efforts made by the defendants to temper the severity of a forceful response.'" Scott v. Coughlin, 344 F.3d 282, 291 (2d Cir. 2003) (quoting Romano v. Howarth, 998 F.2d 101, 105 (2d Cir. 1993)).

With respect to Defendants Officer Rastani and Officer Atcher, Plaintiff alleges that prior to his assault by a group of incarcerated individuals, these two Defendants "forced" him into a pat and frisk position and continued to threaten him. (ECF No. 7 at ¶27). "Even where courts have recognized claims that are 'extremely modest, with little elaboration regarding the circumstances' as stating a claim for Eighth Amendment excessive force, they have still required at least some level of detail in a plaintiff's pleadings." Brisman v. Graham, 2016 WL 11480173, at *3 (N.D.N.Y. July 18, 2016) (quoting De Ponceau v. Bruner, 9:09-CV-00605, 2012 WL 1030415, at *6 (N.D.N.Y. Feb. 21, 2012).

Here, that level of detail is lacking in Plaintiff's Complaint, and there are no injuries alleged because of Plaintiff being "forced" into a pat and frisk position. There are "no factual details to aid in the evaluation of whether the force was needed, how much force was needed in relation to how much force was used, whether there existed a reasonable perception of a threat, and what efforts, if any, were taken to temper the severity of the force." Brisman, 2016 WL 11480173, at *3 (quoting LaRocco v. N.Y.C. Department of Corrections, No. 99CIV.9759SHSRLE, 2001 WL 1029044, at *6 (S.D.N.Y. Aug. 31, 2001)) (granting defendant's motion to dismiss where defendant corrections officer allegedly threw plaintiff against a wall and plaintiff alleged no injury as a result); see also, Reid v. Coughlin, No. 86 CIV. 1351 (LAP), 1994 WL 23152, at *4 (S.D.N.Y. Jan. 26, 1994). Thus, Plaintiff has failed to state a claim for excessive force against Defendants Officer Rastani and Atcher.

Further, Plaintiff alleges that on October 12, 2021, one of the Correction Officers began punching with a closed fist in the left side of his chest, back, and side of his head. (ECF No. 7 at ¶17). Plaintiff also alleged his head was slammed into a wall, and that Defendant Sgt. Howard and Defendant Does 1-5 ignored Plaintiff's injuries and further battered him while transporting him to the SHU. (Id. at 17, 18). Further, that Defendant Sgt. Short and Defendant Does 6-10 allegedly assaulted Plaintiff when he arrived at the SHU. (Id. at 20).

Once again, "a complaint that 'lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct' fails to adequately state a claim because it does not give each defendant notice of their alleged conduct on which the claim rests." Adams v. City of New York, No. 21CV3956RPKLB, 2023 WL 2734611, at *6 (E.D.N.Y. Mar. 31, 2023)(citing Atuahene v. City of Hartford, 10 F. App'x 33, 34 (2d Cir. 2001)). Accordingly, courts in this circuit routinely find that group pleading is insufficient to allege the personal involvement

necessary for Section 1983 liability. Id., citing Jeffery v. City of New York, 20-CV-2843 (NGG) (RML), 2022 WL 204233, at *4 (E.D.N.Y. Jan. 24, 2022), certificate of appealability denied, 2022 WL 2704760 (E.D.N.Y. July 12, 2022) (finding a complaint failed to state a claim because the "undifferentiated group pleadings ... [were] inadequate to allege either direct participation or policy-making involvement").

Plaintiff fails to allege facts supporting any of the conclusory contentions in relation to the alleged October 12, 2021, incident. For example, Plaintiff fails to include facts regarding Defendant Howard's and Defendant Short's respective participation in the use of excessive force. In sum, Plaintiff's Complaint contains impermissible group pleadings and fails to properly plead the personal involvement of Defendants Sgt. Howard and Sgt. Short. Consequently, the excessive force claims against Defendants Sgt. Howard and Short should be dismissed.

**POINT IV:   PLAINTIFF'S   SECOND   CLAIM   FOR   RELIEF,   FAILURE   TO INTERVENE, SHOULD BE DISMISSED**

A corrections officer who is present while an assault upon an inmate occurs may bear responsibility for any resulting constitutional deprivation, even if he did not directly participate in the use of force. Cicio v. Graham, 2010 WL 980272, at *13 (N.D.N.Y. March 15, 2020); see, Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. 1994). See also, Tafari v. McCarthy, 714 F. Supp. 2d 317, 342 (N.D.N.Y. 2010). "It is well-established that a law enforcement official has an affirmative duty to intervene on behalf of an individual whose constitutional rights are being violated in his or her presence by other officers." Cicio, 2010 WL 980272, at *13; see, Mowry v. Noone, 2004 WL 2202645, at *4 (W.D.N.Y. Sept. 30, 2004); see also, Curley v. Village of Suffren, 268 F. 3d 65, 72 (2d Cir. 2001) ("Failure to intercede results in [section 1983] liability where an officer observes excessive force is being used or has reason to know that it will be.")

"In order to establish liability under this theory, a plaintiff must prove that the defendant in question (1) possessed actual knowledge of the use by another correction officer of excessive force; (2) had a realistic opportunity to intervene and prevent the harm from occurring; and (3) nonetheless disregarded that risk by intentionally refusing or failing to take reasonable measures to end the use of excessive force." Tafari, 714 F. Supp. 2d at 342; Jean-Laurent v. Wilkinson, 540 F. Supp 2d 501, 512 (S.D.N.Y. 2008). Moreover, "[w]hether a defendant had a realistic chance to intercede will turn on such factors as the number of officers present, their relative placement, the environment in which they acted, the nature of the assault, and a dozen other considerations." Figueroa v. Mazza, 825 F.3d 89, 107 (2d Cir. 2016). See e.g., O'Neill v. Krzeminski, 839 F.2d 9, 11-12 (2d Cir. 1998) (holding that the defendant officer lacked time to intervene because a different officer hit the plaintiff three times in "rapid succession".)

Plaintiff alleges in the Complaint, "Defendants failed to intervene to prevent, end or report the unlawful and unconstitutional conduct to which Plaintiff was subjected despite the fact that they had opportunities to do so." (ECF No. 7 at ⁋48). There are no facts alleged in the Complaint that the Defendants had a realistic chance to intercede. Further, there are no facts pled as to which Defendants failed to intervene in the two alleged incidents.

"[A] complaint that 'lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct' fails to adequately state a claim because it does not give each defendant notice of their alleged conduct on which the claim rests." Adams v. City of New York, No. 21CV3956RPKLB, 2023 WL 2734611, at *6 (E.D.N.Y. Mar. 31, 2023)(citing Atuahene v. City of Hartford, 10 F. App'x 33, 34 (2d Cir. 2001)). Accordingly, courts in this circuit routinely find that group pleading is insufficient to allege the personal involvement necessary for Section 1983 liability. Id., citing Jeffery v. City of New York, 20-CV-2843 (NGG) (RML), 2022 WL

204233, at *4 (E.D.N.Y. Jan. 24, 2022), <u>certificate of appealability denied</u>, 2022 WL 2704760 (E.D.N.Y. July 12, 2022) (finding a complaint failed to state a claim because the "undifferentiated group pleadings ... [were] inadequate to allege either direct participation or policy-making involvement").

Yet again, Plaintiff's Complaint contains impermissible group pleadings. He fails to provide the Defendants with fair notice of the claims against them. Consequently, Plaintiff's Second Claim for Relief for failure to intervene should be dismissed for failure to state a claim.

**POINT V:   PLAINTIFF'S SECOND CLAIM FOR RELIEF, THAT DEFENDANTS ENGAGED IN A CONSPIRACY, SHOULD BE DISMISSED**

"A conspiracy claim under Section 1983 must allege that: (1) an agreement existed between two or more state actors to act in concert to inflict an unconstitutional injury on plaintiff and (2) an overt act was committed in furtherance of that goal." <u>Burroughs v. Mitchell</u>, 325 F.Supp.3d 249, 283 (N.D.N.Y. Sep. 6, 2018); <u>See</u>, <u>Ciambriello v. County of Nassau</u>, 292 F.3d 307, 324-325 (2d Cir. 2002); <u>see also</u>, <u>Pangburn v. Culbertson</u>, 200 F.3d 65, 72 (2d Cir. 1999). However, "the intra-corporate conspiracy doctrine provides that defendants working for the same employer are legally incapable of conspiring together when the offending conduct occurred within the scope of their employment." <u>Demosthene v. City of New York</u>, 14-CV-816, 2015 WL 5093116, at *6 (E.D.N.Y. June 26, 2015), *report and recommendation adopted*, 2015 WL 5093164, *aff'd*, 831 F. App'x. 530 (2d Cir. 2020). <u>See</u>, <u>Graham v. Peters</u>, 2013 WL 5924727, at *5-6 (W.D.N.Y. Oct. 31, 2013); <u>see also</u>, <u>Vega v. Artus</u>, 610 F.Supp.2d 185, 205-206 (N.D.N.Y. 2009) (dismissing Plaintiff's conspiracy claims pursuant to the intra-corporate conspiracy doctrine where all the defendants were DOCCS employees, and all were acting within the scope of their employment); <u>Liner v. Fischer</u>, 2013 WL 3168660, at *11 n. 12 (S.D.N.Y. June 24, 2013) (dismissing <u>§ 1983</u>

conspiracy claim where all defendants were DOCCS employees acting within the scope of employment).

Here, Plaintiff alleges in the Complaint that all Defendants were "acting in the course and scope of the duties attendant to that employment." (ECF No. 7 at ₱ 7, 8, 9, 10, 11, 12). "Thus, to the extent plaintiff alleges that the individual defendants conspired together to violate his constitutional rights, plaintiff's conspiracy claim fails as a matter of law." Massari v. Ryerse, 2024 WL 2116827, at *18 (W.D.N.Y. March 28, 2024).

Further, "complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." Ciambriello v. County of Nassau, 292 F.3d 307, 325 (2d Cir. 2002); see also, Sommer v. Dixon, 709 F.2d 173, 175 (2d Cir. 1983) ("A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss.")

Plaintiff's complaint contains only conclusory and vague allegations of a conspiracy and "is devoid of facts as to the time, place, or objective of the alleged conspiracy". Burroughs v. Mitchell, 325 F.Supp.3d 249, 283 (N.D.N.Y. Sep. 6, 2018). There are no allegations in the complaint supporting a "meeting of the minds". See, Webb v. Goord, 340 F.3d 105, 110-11 (2d Cir. 2003) ("to maintain [a conspiracy] action under Section 1985, a plaintiff 'must provide some factual basis supporting a meeting of the mind, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end."); see also, Romer v. Morgenthau, 119 F.Supp.2d 346, 363 (S.D.N.Y. 2000); Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997)(dismissal of

"conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights" is proper).

Plaintiff fails to allege facts supporting their claim that Defendants acted in concert and conspired with one another to deprive Plaintiff of his constitutional rights. Consequently, Plaintiff's Second Claim for Relief regarding an alleged "conspiracy" by Defendants should be dismissed.

**POINT VI:   PLAINTIFF'S   THIRD   CLAIM   FOR   RELIEF,   DELIBERATE INDIFFERENCE, SHOULD BE DISMISSED**

The "[p]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [section] 1983." Everett v. Dean, No. 320CV1260GTSML, 2021 WL 3038390, at *5 (N.D.N.Y. June 2, 2021), report and recommendation adopted, No. 320CV1260GTSML, 2021 WL 3032690 (N.D.N.Y. July 19, 2021)(citing Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)). "To be sufficient before the law, a complaint must state precisely who did what and how such behavior is actionable under law." Id., (citing Hendrickson v. U.S. Attorney Gen., 91-CV-8135, 1994 WL 23069, at *3 (S.D.N.Y. Jan. 24, 1994).

Here, Plaintiff has not properly pled the personal involvement of the Defendants in the Third Claim for Relief for deliberate indifference. It is a pleading requirement that, to adequately state a claim, a plaintiff's complaint must "differentiate which defendant[s] w[ere] involved in [what] unlawful conduct." See, LaPietra v. City of Albany Police Dep't, No. 919CV1527TJMTWD, 2020 WL 5891888, at *8 (N.D.N.Y. Oct. 5, 2020), report and recommendation adopted, No. 9:19-CV-1527, 2020 WL 7021589 (N.D.N.Y. Nov. 30, 2020).

Indeed, "[a] complaint that 'lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct' fails to adequately state a claim because it

16

does not give each defendant notice of their alleged conduct on which the claim rests." Adams v. City of New York, No. 21CV3956RPKLB, 2023 WL 2734611, at *6 (E.D.N.Y. Mar. 31, 2023)(citing Atuahene v. City of Hartford, 10 F. App'x 33, 34 (2d Cir. 2001)). Accordingly, courts in this circuit routinely find that group pleading is insufficient to allege the personal involvement necessary for Section 1983 liability. Id., citing Jeffery v. City of New York, 20-CV-2843 (NGG) (RML), 2022 WL 204233, at *4 (E.D.N.Y. Jan. 24, 2022), certificate of appealability denied, 2022 WL 2704760 (E.D.N.Y. July 12, 2022) (finding a complaint failed to state a claim because the "undifferentiated group pleadings ... [were] inadequate to allege either direct participation or policy-making involvement").

Here, Plaintiff's allegations against Defendants are brief and vague. Plaintiff alleges in the Complaint, "Defendants had actual knowledge of, but disregarded, an excessive risk to Plaintiff's safety. But for Defendants' willful and deliberate indifference to the danger posed on his life, Plaintiff would not have been attacked…." (ECF No. 7 at ⁋48). It is unclear in the Complaint which Defendants Plaintiff is alleging acted with deliberate indifference. Consequently, Plaintiff's Third Claim for Relief for deliberate indifference must be dismissed for failure to plead personal involvement of the Defendants.

Further, if the Third Claim of Relief of deliberate indifference was only related to the alleged incident on April 19, 2022, Defendants Younis, Sgt. Howard, and Sgt. Short are not referenced in the Complaint in relation to this incident. On April 19, 2022, Plaintiff was allegedly assaulted twice by a group of incarcerated individuals (ECF No. 7 at ⁋ 25). Thus, Plaintiff's Third Claim for Relief would be dismissed against Defendants Younis, Howard, and Short as they were not personally involved in the alleged incident on April 19, 2022.

17

## **CONCLUSION**

For all of the foregoing reasons, the Defendants' motion to dismiss must be granted, dismissing Plaintiff's Complaint in its entirety, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6), together with such other and further relief that the Court deems just and equitable.

Dated:         Syracuse, New York
               June 27, 2024

                                            LETITIA JAMES
                                            Attorney General of the State of New York
                                            Attorney for NYSP Defendants
                                            300 S. State Street, Ste. 300
                                            Syracuse, New York 13202
                                            By: _/s/ Elizabeth Lombardi_
                                            Elizabeth Lombardi, Esq.
                                            Assistant Attorney General
                                            Bar Roll No. 520633
                                            Telephone: (315) 468-7652
                                            Email: elizabeth.lombardi@ag.ny.gov

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on June 27, 2024, she filed Defendants' Motion to

Dismiss by electronically filing with the Clerk of the Court herein, using the CM/ECF system, which

is understood to have sent notification of such filing electronically to the following:

> Sara Wolkensdorfer
> Rickner PLLC
> 14 Wall Street, Suite 1603
> New York, NY 10005

Dated:          Syracuse, New York
                June 27, 2024

LETITIA JAMES
Attorney General of the State of New York
Attorney for NYSP Defendants
300 S. State Street, Ste. 300
Syracuse, New York 13202
By: _/s/ Elizabeth Lombardi_
Elizabeth Lombardi, Esq.
Assistant Attorney General
Bar Roll No. 520633
Telephone: (315) 468-7652
Email: elizabeth.lombardi@ag.ny.gov