UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

PETER RUPP,

                            *Plaintiff*,

-against-

SGT R.B.HOWARD; SGT SHORT;
CORRECTION OFFICER RASTANI;
CORRECTIONOFFICER ATCHER;
CORRECTION OFFICER JOHN DOES
#1-10,

                            *Defendants*.

**ANSWER**
*JURY TRIAL DEMANDED*

9:24-cv-394
(GTS/ML)

---

      Defendants SGT R.B. HOWARD, SGT SHORT, CORRECTION OFFICER RASTANI, and CORRECTION OFFICER ATCHER ("Defendants"), by their attorney, Letitia James, Attorney General of the State of New York, Elizabeth Lombardi, Assistant Attorney General, of counsel, answers Plaintiff's Second Amended Complaint, [ECF No. 38], as follows:

## THE PARTIES AND JURISDICTION

    1. Defendants **ADMIT** the truth of the allegations contained in Paragraph 1 of the Complaint to the extent that Plaintiff was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Mid-State Correctional Facility but **DENY** the remaining allegations.

    2. Defendants neither admit nor deny the allegations of Paragraphs 2 and 3, as they state legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations contained in Paragraphs 2 and 3, except admit that Plaintiff relies upon the cited statutes for jurisdiction.

1

3. Defendants neither admit nor deny the allegations of Paragraph 4, as they state legal conclusions to which no response is required. To the extent a response is deemed required, admit that venue is proper in this District but otherwise deny the allegations of Paragraph 4.

4. Defendants neither admit nor deny the allegations of Paragraph 5, as they state legal conclusions to which no response is required. To the extent a response is deemed required, admit that Plaintiff has demanded a trial by jury.

5. Defendants **ADMIT** the truth of the allegations contained in Paragraph 6 of the Complaint to the extent that Mid-State Correctional Facility is located in Oneida County but **DENY KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF** as to the remaining allegations.

6. Defendants **ADMIT** the truth of the allegations contained in Paragraphs 7, 8, 9, 10 of the Complaint to the extent that Defendants were/are employees at Mid-State Correctional Facility and employed by DOCCS but **DENY** the remaining allegations.

7. Defendants **DENY KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF** as to the truth of the allegations contained in Paragraph 11.

8. Defendants **DENY** the truth of the allegations contained in Paragraphs 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, and 28 of the Complaint.

9. Defendants **DENY KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF** as to the truth of the allegations contained in Paragraphs 29 and 30 of the Complaint.

10. Defendants **ADMIT** the truth of the allegations contained in Paragraph 31 of the Complaint to the extent that Plaintiff was transported to St. Elizabeth's Hospital but **DENY** the remaining allegations.

11. Defendants **ADMIT** the truth of the allegations contained in Paragraph 32 of the Complaint

to the extent that DOCCS took photographs of Plaintiff on October 20, 2021, but **DENY** the remaining allegations.

12. Defendants **DENY** the truth of the allegations contained in Paragraphs 33 and 34 of the Complaint.

13. Defendants **DENY KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF** as to the truth of the allegations contained in Paragraph 35 of the Complaint.

14. Defendants **DENY** the truth of the allegations contained in Paragraphs 36, 37, and 38 of the Complaint.

15. Defendants **DENY KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF** as to the truth of the allegations contained in Paragraphs 39, 40, 41, 42, 43, and 44 of the Complaint.

16. Defendants **ADMIT** the truth of the allegations contained in Paragraph 45 of the Complaint to the extent that Plaintiff was transported to St. Elizabeth's Hospital and diagnosed with a Non-ST-Elevation Myocardial Infarction (NSTEMI) but **DENY KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF** as to the remaining allegations.

17. Defendants **DENY** the truth of the allegations contained in Paragraphs 46, 47, and 48 of the Complaint.

18. Defendants neither admit nor deny the allegations of Paragraph 49, as it states legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations contained in Paragraph 49, except admit that Plaintiff relies upon the cited statute.

19. With respect to Paragraph 50 of the Complaint, re-allege the responses to all previous paragraphs, as if fully set forth herein.

20. Defendants neither admit nor deny the allegations of Paragraph 51, as it states legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations contained in Paragraph 51, except admit that Plaintiff relies upon the cited principle.

21. Defendants **DENY** the truth of the allegations contained in Paragraphs 52, 53, 54, 55, 56, and 57 of the Complaint.

22. With respect to Paragraph 58 of the Complaint, re-allege the responses to all previous paragraphs, as if fully set forth herein.

23. Defendants **DENY** the truth of the allegations contained in Paragraphs 59, 60, 61, 62, 63, and 64 of the Complaint.

24. With respect to Paragraph 65 of the Complaint, re-allege the responses to all previous paragraphs, as if fully set forth herein.

25. Defendants **DENY** the truth of the allegations contained in Paragraphs 66 and 67 of the Complaint.

26. Defendants **DENY** all other allegations in the Complaint that are not specifically responded to above.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

27. If Plaintiff has, on three or more occasions, brought an action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, Plaintiff is barred from proceeding under 28 U.S.C. § 1915.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

28. Any damages alleged to have been sustained by Plaintiff were caused or contributed to in

full or in part by the culpable conduct and/or assumption of the risk of Plaintiff and not by any culpable conduct on behalf of the Defendants. Further, Plaintiff has failed to mitigate his damages.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

29. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

30. At all relevant times the Defendants acted under the reasonable belief that their conduct was in accordance with clearly established law. Defendants are therefore, protected under the doctrine of qualified immunity.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

31. The Complaint is barred, at least in part, under principles of res judicata and collateral estoppel.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

32. To the extent Plaintiff raises state law claims, they are barred by section 24 of the Correction Law, by the Eleventh Amendment, and by other state law.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

33. The Complaint is barred by the applicable statute of limitations.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

34. The Complaint is barred, in whole or in part, under the Eleventh Amendment.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

35. Plaintiff failed to exhaust his administrative remedies.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

36. To the extent this action is brought for mental or emotional injury, Plaintiff is barred from proceeding without a prior showing of physical injury.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

37. Upon information and belief, Plaintiff has been convicted of one or more felonies or other crimes for which there are or may be restitution orders pending. Pursuant to section 807 of the Prison Litigation Reform Act of 1995, any compensatory damages to be awarded to Plaintiff herein shall be paid directly to satisfy any such outstanding orders until paid in full. Therefore, Plaintiff may not be entitled to any payment herein.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

38. Upon information and belief, Plaintiff has been convicted of one or more felonies or other crimes. Pursuant to section 808 of the Prison Reform Act of 1995, prior to payment of any compensatory damages to Plaintiff, reasonable efforts shall be made to notify the victims of the crime for which Plaintiff was convicted and incarcerated. Upon information and belief, Plaintiff must be compelled to cooperate in the notification of his victims prior to payment of any judgment herein, or Plaintiff should be barred from recovery.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

39. Any force used by Defendants and/or any agents or employees of the Department of Corrections and Community Supervision was privileged, reasonable, and necessary.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

40. Upon information and belief, if Plaintiff obtains any recovery in this action against the

Defendants, such recovery and liability against the Defendants should be limited pursuant to Articles 14 and 16 of the CPLR; the liability, if any, of the Defendants to Plaintiff for non-economic loss shall be limited to the Defendants' equitable share of the culpable conduct causing or contribution to the total liability for the non-economic loss of the Plaintiff, if any.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:**

41. Defendants were not personally involved in the alleged constitutional or statutory violations, and is therefore not liable under 42 U.S.C. § 1983.  Further, the doctrine of *respondeat superior* does not apply in civil rights cases.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:**

42. Defendants' actions were not motivated by evil motive or intent and were not performed with reckless or callous indifference to Plaintiff's federally protected rights.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:**

43. To the extent that the Plaintiff seeks punitive or exemplary damages within his Complaint against the individual Defendants in their official capacity, such claims should be dismissed as improper.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:**

44. Defendants reserve the right to raise additional defenses, which may become known during further investigation and discovery in this case.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:**

45. Defendants hereby request a trial by jury.

WHEREFORE, Defendants respectfully request that this Court deny the relief requested, dismiss the Complaint in its entirety, and grant such other relief as to the Court shall seem is just and equitable.

Dated:   Syracuse, New York
         September 6, 2024

                                    LETITIA JAMES
                                    Attorney General of the State of New York
                                    Attorney for Defendants
                                    300 S. State Street, Suite 300
                                    Syracuse, New York 13202
                                    By: **/s/Elizabeth Lombardi**
                                    Elizabeth Lombardi, Esq.
                                    Assistant Attorney General
                                    Bar Roll No. 520633
                                    Telephone: (315) 468-7652
                                    Email: elizabeth.lombardi@ag.ny.gov

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 6, 2024, she filed Defendants' Answer to Plaintiff's Complaint by electronically filing with the Clerk of the Court herein, using the CM/ECF system, which is understood to have sent notification of such filing electronically to the following:

Sara Wolkensdorfer, Esq.
Attorney for Plaintiff
Rickner PLLC
14 Wall Street, Ste. 1603
New York, NY 10005

Dated:   Syracuse, New York
         September 6, 2024

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendants
300 S. State Street, Suite 300
Syracuse, New York 13202
By: **/s/Elizabeth Lombardi**
Elizabeth Lombardi, Esq.
Assistant Attorney General
Bar Roll No. 520633
Telephone: (315) 468-7652
Email: elizabeth.lombardi@ag.ny.gov