UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PETER RUPP,

                                    *Plaintiff*,

   -against-

                                                            9:24-cv-00394
                                                            (AJB/ML)

SGT R.B.HOWARD; SGT SHORT;
CORRECTION OFFICER RASTANI;
CORRECTIONOFFICER ATCHER;
CORRECTION OFFICER M. KING;
CORRECTION OFFICER D. BURGER;
CORRECTION OFFICER C. BARNHART;
CORRECTION OFFICER W. MORAT;
CORRECTION OFFICER J. BARTLETT;
CORRECTION OFFICER M. JONES;
CORRECTION OFFICER JOHN DOES #1-2,

                                    *Defendants*.
_____

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE PLAINTIFF'S PROPOSED PROTECTIVE ORDER**

                                                   LETITIA JAMES
                                                   Attorney General of the State of New York
                                                   Syracuse Regional Office
                                                    Attorney For Defendants
                                                   300 S. State Street, Ste. 300
                                                   Syracuse, NY 13202

By:    Elizabeth Lombardi, Esq.
         Assistant Attorney General, of Counsel
         Bar Roll No. 516178
         Telephone: (315) 468-7652
         Fax: (315) 448-4853
         E-mail: Elizabeth.Lombardi@ag.ny.gov

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………………..…..ii

PRELIMINARY STATEMENT…………………………………………………………….....1

POINT I:     DEFENDANTS HAVE GOOD CAUSE FOR AN "AEO" DESIGNATION…….2

CONCLUSION……………………………………………………………………………...10

## TABLE OF AUTHORITIES

**CASES**

Burks v. Stickney, 9:16-cv-0759, 2017 WL 1401312 (N.D.N.Y. Apr. 19, 2017)............................7

Duling v. Gristede's Operating Corp., 266 F.R.D. 66 (S.D.N.Y. 2010) ...........................................2

Gross v. Lunduski, 304 F.R.D. 136 (W.D.N.Y. Dec. 18, 2014).......................................................6

Henry v. Hess, 2012 WL 4856486 (S.D.N.Y. Oct. 12, 2012) ...........................................................9

Mitchell v. Fishbein, 227 F.R.D. 239 (S.D.N.Y. 2005)....................................................................2

Romano v. Ulrich, 13-CV-633W, 2016 WL 6875719 (W.D.N.Y. Nov. 22, 2016)..........................9

Russell v. Scott, 20-CV-184, 2022 WL 3084339 (D.C. Vt. Aug. 3, 2022) ......................................8

Smith v. Goord, 222 F.R.D. 238 (N.D.N.Y. 2004)....................................................................... 4-5

White v. Jindal, 13-CV-15073, 2015 WL 181670 (E.D. Mich. Jan. 14, 2015) ...............................4

## PRELIMINARY STATEMENT

Plaintiff Peter Rupp filed a Third Amended Complaint on October 22, 2024. (ECF No. 52). Plaintiff asserts three Section 1983 claims against the Defendants: 1) excessive force; 2) failure to intervene; and 3) deliberate indifference. Id. During the course of discovery, Defendants requested that the parties enter into the Confidentiality Stipulation and Proposed Protective Order. (ECF. No. 71-4[1]).

Specifically, Defendants' Confidentiality Stipulation and Proposed Protective Order proposes the following language:

5.      Defendants may further designate as "Attorney's Eyes Only" any Confidential Material in the following categories:

    a.      Reports and other records prepared by the DOCCS Office of Special Investigations, or its predecessor entity the DOCCS Office of the Inspector General, in connection with an investigation conducted by that entity;

    b.      Health care (including, but not limited to, drug or substance abuse records), mental health care, and labor relations records that contain PII concerning any employee of DOCCS, any incarcerated individual in the custody of DOCCS, or any person subject to community supervision by DOCCS, provided that, for mental health records, the review and determination required by New York Mental Health Law § 33.16 has been completed before any records approved for release are produced, and provided that, for any records that constitute law enforcement disciplinary records as defined in NYS Public Officers Law ("POL") § 86, such records shall be redacted consistent with obligations under POL §§ 89 and 96;

    c.      Personnel records or other documents pertaining to the individual's employment, including, but not limited to, records of disciplinary proceedings, performance evaluations, and counseling, which would not otherwise be subject to a public right of access under the Freedom of Information Law ("FOIL"), Article 6 (Sections 84-90). Further, provided that, for any records that constitute law enforcement disciplinary records as defined in POL § 86, such records shall be redacted consistent with obligations under POL §§ 89 and 96;

---

[1] Rather than resubmitting each parties Confidentiality Stipulation and Proposed Protective Order, Defendants will refer to Plaintiff's Exhibits submitted with Plaintiff's motion.

1

    d. Directives or written policies issued by DOCCS or any correctional facility operated by DOCCS that are not publicly available and are classified as "D" within the meaning of DOCCS Directive 0001, indicating that they contain information affecting the safety and security of correctional facilities and are handled as confidential material and restricted from unauthorized access;

    e. DOCCS training materials that are not publicly available and refer to or concern correctional, community supervision or institutional safety, security, or good order;

    f. Any other records, photographs, videos, maps, diagrams or materials that Defendants believe would compromise the safety or security of a DOCCS facility or office if disclosed to an incarcerated individual in the custody of DOCCS and/or the general public.

(ECF No. 71-4, p. 2-3).

  Plaintiff's Confidentiality Stipulation and Proposed Protective Order proposes the elimination of any "Attorney's Eyes Only" ("AEO") designation and proposes designating the documents as "confidential material". (ECF No. 71-3). What Plaintiff is requesting, the wholesale removal of the AEO provisions, means that DOCCS cannot safeguard these highly sensitive materials from *any* individual – not just the Plaintiff. In opposition to Plaintiff's motion, Defendants request that this Court deny Plaintiff's motion and issue the Defendants' Proposed Protective Order. Defendants have good cause to further designate the proposed confidential material categories as "AEO", and there are security concerns necessitating the Defendants' Proposed Protective Order.

**ARGUMENT**

**POINT I: DEFENDANTS HAVE GOOD CAUSE FOR AN "AEO" DESIGNATION**

  Before a protective order is issued, the party seeking a protective order "bears the burden of establishing that good cause for the order exists," Duling v. Gristede's Operating Corp., 266 F.R.D. 66, 71 (S.D.N.Y. 2010). Though the movant must establish good cause, "the court ultimately weighs the interests of both sides in fashioning an order." Mitchell v. Fishbein, 227

2

F.R.D. 239, 245 (S.D.N.Y. 2005).

Initially, Defendants' Confidentiality Stipulation and Proposed Protective Order proposes that Defendants *may* further designate as "Attorney's Eyes Only" any Confidential Material in the categories described in the order. (ECF No. 71-4, at 2-3). Number nine of the Proposed Protective Order states, "[i]n the event a party challenges another party's or a non-party's designation of Confidential Material and/or Attorney's Eyes Only, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court." (ECF No. 71-4 at 4). Therefore, there is an avenue for Plaintiff's counsel to challenge the "AEO" designation of particular materials under Defendants' Proposed Protective Order.

Second, Defendants have good cause to include the provision allowing Defendants to designate confidential materials as "AEO" for the categories of documents as laid out in their Confidentiality Stipulation and Proposed Protective Order (ECF No. 71-4, p. 2-3). Attached to this memorandum of law is the Declaration of Nathan D. Gilles, a Colonel and Director of DOCCS Correction Emergency Response Team ("CERT") Operations. (See, Giles Dec., ¶ 1). As Colonel Gilles states, "[i]f the Plaintiff's application is granted, and the AEO provisions removed in their entirety that would eviscerate DOCCS' ability to safeguard the dissemination of highly sensitive information resulting in a significant safety and security risk to the facilities and incarcerated population and staff that work within them. It would also jeopardize the safety and security of the public at large." (Id. at 8). What Plaintiff is requesting, the wholesale removal of the AEO provisions, means that DOCCS cannot safeguard these highly sensitive materials from *any* individual – not just the Plaintiff.

3

Additionally, there is also an attached Declaration of Christian Nunez, the Director of Operations for the New York State Department of Corrections and Community Supervision ("DOCCS") Office of Special Investigations. (See, Nunez Dec., ¶ 1). Director Nunez states that, "[t]hese OSI files often contain confidential medical information pertaining to the incarcerated individual ("I/I") and involved staff members, as well as other highly sensitive security-based information – the disclosure of which would jeopardize the I/I's privacy, the security of DOCCS correctional facilities, and the safety and lives of the incarcerated individuals and staff within those facilities as well as the safety and lives of witnesses and OSI investigators." (Id. at 6). Both of these Declarations provide ample specifics regarding security concerns that necessitate an AEO designation in this case.

Plaintiff also cites to the *White* case as an example where an AEO designation was granted where the Plaintiff is incarcerated. White v. Jindal, 13-CV-15073, 2015 WL 181670, at *8 (E.D. Mich. Jan. 14, 2015). In that case, the Court granted the pro se inmate's motion to appoint counsel because the "security concerns" related to his discovery requests necessitated the appointment of counsel and AEO designation. *Id.* Similarly Plaintiff cites to *Smith*, a case in which this Court granted an AEO designation of personally identifiable information and there were "legitimate privacy interests" concerning the disclosure of personal information concerning corrections officers and their families. Smith v. Goord, 222 F.R.D. 238 (N.D.N.Y. 2004).

Both of these cases support Defendants' argument that an "AEO" designation is necessary in this case due to the security concerns outlined by Colonel Gilles and Director Nunez. Plaintiff cited both of these cases because they involve incarcerated individuals. Plaintiff's argument is that Plaintiff is no longer in DOCCS custody, and therefore the same security concerns do not apply. (ECF No. 71-2, at 5-6).

4

As Director Nunez states:

> "[t]he possession of OSI and other privileged, confidential and sensitive security related matter by former incarcerated individuals also poses a significant safety and security concern because these individuals are familiar with DOCCS's facilities, practices and procedures, and based upon their experiences, they have a special understanding and perspective of how such information can be used for nefarious purposes including, in part, the evasion of our security protocols. These individuals can then extract that information from the AEO material and either use it for themselves (if they should ever be reincarcerated), sell or share it with presently incarcerated individuals, use it to pay off debts, etc." (See, Nunez Dec., ¶ 22).

Plaintiff argues that "limiting Plaintiff's access to discovery because he was previously in DOCCS' custody, or because he may recidivate is discriminatory and against precedent." (ECF No. 71-2 at 14). Further that "there is no reason to believe that Plaintiff will violate the confidentiality order by, for some inexplicable reason, disclosing them to someone who is not involved in this litigation." Id.

However, Plaintiff was arrested on February 14, 2024, after he was released from DOCCS custody. (Lombardi Dec., Exhibit A). The news article about his arrest states that the Plaintiff "allegedly violated a court order protecting the victim". Id. The Plaintiff was charged with "felony counts of aggravated criminal contempt and criminal contempt and a misdemeanor of unlawful dissemination or publication of an intimate image." Id. Defendants are not aware of whether the case is still pending, or the resolution of this criminal case. But the intent of the Defendants raising this is that Plaintiff's attorney argues that there is no reason to believe Plaintiff would violate a confidentiality order when he was arrested in 2024 for allegedly violating a court order.

Regardless, as Colonel Giles states in his Declaration,

> "DOCCS' security protocols and training materials must be kept confidential as its disclosure would seriously jeopardize and compromise the safety and security of our facilities. If the incarcerated population or general public acquired knowledge

5

> regarding where staff will be at specific times, how they will react in various situations and where and how DOCCS monitors and records activities, it will without question pose a risk to DOCCS's staff, to other incarcerated individuals and the public-at-large." (See, Giles Dec., ¶ 20)."

As a member of the general public, there is still an inherent security risk with Plaintiff acquiring the knowledge that Colonel Giles references above.

"Federal courts are sensitive to such valid prison security issues related to discovery in prisoner civil rights cases…." Gross v. Lunduski, 304 F.R.D. 136, 156 (W.D.N.Y. Dec. 18, 2014). As such, Defendants request that this Court deny Plaintiff's motion and issue the Defendants' Proposed Protective Order. Plaintiff has not provided good cause as to why their Proposed Protective Order should be granted. What Plaintiff is requesting, the wholesale removal of the AEO provisions, means that DOCCS cannot safeguard these highly sensitive materials from *any* individual – not just the Plaintiff. In opposition to Plaintiff's motion, Defendants request that this Court deny Plaintiff's motion and issue the Defendants' Proposed Protective Order. Defendants have good cause to further designate the proposed confidential material categories as "AEO", and there are security concerns necessitating the Defendants' Proposed Protective Order.

### a. OSI Reports and Records

Plaintiff argues that "OSI files related to Plaintiff's case implicate *his* privacy interests, and any attempt to limit his access is nonsensical, especially where he has signed an authorization for the release of said information." (ECF No. 71-2, at 11). Contrary to this, there is much more than the Plaintiff's "privacy interests" at stake with regard to the OSI file. Director Nunez states in his Declaration that the "[d]isclosure of the method OSI uses to obtain such information would have a significant negative effect, would cause irreparable damage to OSI investigations, and would undermine the relationship DOCCS and OSI have built with other agencies (See, Nunez Dec., ¶ 11).

6

The Plaintiff's memorandum of law also argues that "it is clear from *Burks* that there are undoubtably portions of the OSI files related to Plaintiff's case that pose no specific safety and security risk". However, in *Burks*, the parties had stipulated to a protective order in which the OSI case file was produced to Plaintiff's counsel and designated as "CONFIDENTIAL ATTORNEY VIEWING ONLY". Burks v. Stickney, 9:16-cv-0759, 2017 WL 1401312, at *1 (N.D.N.Y. Apr. 19, 2017). Upon receipt of the OSI file, Plaintiff's counsel filed a motion seeking an order releasing certain remaining contents of the OSI file from protection under the protective order. Id. at *2. Prior to granting Plaintiff's motion, the Court reviewed the OSI report and ordered specific redactions prior to certain portions of the OSI file being released from protection. Id. at *5.

To argue that there are "undoubtably portions of the OSI files related to Plaintiff's case that pose no specific safety and security risk", without Plaintiff's attorney reviewing the OSI reports and records first is extremely presumptuous. And contrary to Plaintiff's assertion that there is no specific safety or security risk, Director Nunez states that "OSI materials are so sensitive that while most everyone who enters a correctional facility is subject to thorough searches, to include their property, OSI case files, documents and Department issued equipment are exempted from those searches without the express approval of the Commissioner as outlined in DOCCS Directive 0700, "Office of Special Investigations (OSI)". (Id. at 23).

Defendants are not refusing to produce OSI reports and other records, as this is not a motion to compel filed by Plaintiff. Rather Defendants argue they have good cause to further designate the OSI reports and records as "AEO" due to the security concerns necessitating the Defendants' Proposed Protective Order.

7

### b. Health and Mental Health Care

As Plaintiff states "5(b) of Defendants' Proposed Order gives them the ability to make as AEO, *inter alia*, health care, mental health care and labor relations for 'any employee of DOCCS, any incarcerated individual in the custody of DOCCS, or any person subject to community supervision by DOCCS." (ECF No. 71-2 at 12). As far as Plaintiff's records are concerned, Plaintiff's point is moot as Defendants already disclosed Plaintiff's DOCCS medical records as part of Defendant's initial Rule 26 Disclosures.

Plaintiff also fails to articulate any good cause as to why he should be permitted to review the health care and mental health care records of any other incarcerated individuals, persons subject to community supervision by DOCCS, and employees of DOCCS. Defendants request that this Court deny Plaintiff's motion and issue the Defendants' Proposed Protective Order. Defendants have good cause to further designate the proposed confidential material categories as "AEO", and there are security concerns necessitating the Defendants' Proposed Protective Order.

### c. Personnel Records

Once again, Plaintiff cites case law which is highly distinguishable from the case at hand. Plaintiff references *Russell* and argues that "Courts have routine granted plaintiff's access to personnel records and documents related to officer (police and corrections) misconduct, especially where is it highly relevant to the allegations within a complaint." (ECF No. 71-2, at 13). Russell v. Scott, 20-CV-184, 2022 WL 3084339, at *6 (D.C. Vt. Aug. 3, 2022). However, the motion in the Russell case was to compel personnel records be produced. Id. The court ruled, "DOC is ORDERED to produce the requested documents, subject to a protected order to protect the privacy and confidentiality interest noted in the DOC's Opposition." Id. at 7. Unlike in the *Russell* case, Plaintiff's motion here is not to compel discovery documents, but rather moves to eliminate the

8

"AEO" category of documents all altogether.

The same is true of *Henry*, which involved an *in camera* review of the personnel file of the Defendant. Henry v. Hess, 2012 WL 4856486 (S.D.N.Y. Oct. 12, 2012). Upon review, the Court determined some documents of the personnel file would be disclosed, while some were not relevant, and would not be reasonably calculated to lead to the discovery of admissible evidence. Id. at *1. Once again, Plaintiff's motion here does not deal with an *in camera* review, or a motion to compel documents.

Further, in *Romano*, the Court dealt with the issue of personnel records of DOCCS employees being produced to a pro se incarcerated individual. Romano v. Ulrich, 13-CV-633W, 2016 WL 6875719 (W.D.N.Y. Nov. 22, 2016). The Court found that "[i]deally, this production should be plaintiff's attorneys' eyes only out of respect for defendants (and DOCCS's) concern about disseminating sensitive personnel information of corrections staff to an inmate…." Id. at *2.

While Plaintiff is no longer incarcerated, the only good cause he has provided is "these materials are highly relevant to Plaintiff's ability to prove his case". (ECF No. 71-2 at 10). Once again, this is highly presumptuous by Plaintiff's counsel. Defendants once again request that this Court deny Plaintiff's motion and issue the Defendants' Proposed Protective Order.

    d. **Policies, Directives, Training Materials, and Other Documents Related to Facility Operation**

Plaintiff's arguments in this section have largely been addressed above by Defendants. However, Plaintiff asserts that "DOCCS has not demonstrated by outdated policies, directives, and/or training materials would pose a security risk." (ECF No. 71-2 at 14). Specifically, Colonel Gilles points out in his Declaration that "D" Directives are not released to the incarcerated population, law libraries, or the public as these Directives "contain sensitive security material and operational practices regarding the manner in which the Department responds to confidential,

9

hazardous, and/or otherwise volatile situations affecting the safety and security of correctional facilities or community supervision operations." (See, Giles Dec., ¶ 12).

Colonel Gilles highlights that DOCCS "D" Directives and training materials "could be used to thwart our internal security systems and take advantage of any perceived weaknesses in our security rounds, video surveillance and recording procedures and defensive tactics." (Id. at 19). As an example, Colonel Gilles references the 2015 escape at Clinton Correctional Facility to illustrate the resourcefulness of incarcerated individuals. Id.

Finally, as Colonel Giles points out, "[t]he possession of "D" directives, OSI and other privileged, confidential and sensitive security related matter by former incarcerated individuals also poses a significant safety and security concern because the individuals are familiar with DOCCS' facilities, practices and procedures and, based upon their experiences, they have a special understanding and perspective of how such information can be used to nefarious purposes including, in part, the evasion of our security protocols. These individuals can then extract that information from the AEO material and either use it for themselves (if they should ever be reincarcerated), sell or share it with presently incarcerated individuals, use it to pay off debts, etc. (Id. at 21).

As such, Defendants request that this Court deny Plaintiff's motion and issue the Defendants' Proposed Protective Order. Defendants have good cause to further designate the proposed confidential material categories as "AEO", and there are security concerns necessitating the Defendants' Proposed Protective Order.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion and issue the Defendants' Proposed Protective Order. Defendants have good cause for an AEO designation, and there are security concerns necessitating the Defendants' Proposed

Protective Order.

Dated: Syracuse, New York
March 28, 2025

                                              LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendants
300 S. State Street, Ste. 300
Syracuse, New York 13202
By: /s/ Elizabeth Lombardi
Elizabeth Lombardi, Esq.
Assistant Attorney General
Bar Roll No. 520633
Telephone: (315) 468-7652
Email: elizabeth.lombardi@ag.ny.gov

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 28, 2025, she filed Defendants' Opposition in Response to Plaintiff's Motion by electronically filing with the Clerk of the Court herein, using the CM/ECF system, which is understood to have sent notification of such filing electronically to the following:

    Sara Wolkensdorfer, Esq.
    Attorney for Plaintiff
    Rickner PLLC
    14 Wall Street, Ste. 1603
    New York, NY 10005

Dated:        Syracuse, New York
                March 28, 2025

                                        LETITIA JAMES
                                        Attorney General of the State of New York
                                        Attorney for Defendants
                                        300 S. State Street, Ste. 300
                                        Syracuse, New York 13202
                                        By: */s/ Elizabeth Lombardi*
                                        Elizabeth Lombardi, Esq.
                                        Assistant Attorney General
                                        Bar Roll No. 520633
                                        Telephone: (315) 468-7652
                                        Email: elizabeth.lombardi@ag.ny.gov