UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

PETER RUPP,

                        *Plaintiff*,

       -against-

                                      Civil Action No.:
                                      9:24-cv-00394
                                      (AJB/ML)

SGT R.B. HOWARD; SGT SHORT;
CORRECTION OFFICER RASTANI;
CORRECTIONOFFICER ATCHER;
CORRECTION OFFICER M. KING;
CORRECTION OFFICER D. BURGER;
CORRECTION OFFICER C. BARNHART;
CORRECTION OFFICER W. MORAT;
CORRECTION OFFICER J. BARTLETT;
CORRECTION OFFICER M. JONES;
CORRECTION OFFICER JOHN DOES #1-2,

                        *Defendants*.

_____

## CORRECTION OFFICER J. BARTLETT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

**HACKER MURPHY LLP**
Thomas J. Higgs, Esq. (Bar Roll No.:106047)
Benjamin F. Neidl, Esq. (Bar Role No.: 512303)
22 Corporate Woods Boulevard, Suite 404
Albany, NY 12211
*Attorneys for Defendant Joshua Bartlett*

# **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 2

STATEMENT OF FACTS .................................................................................................. 2

STANDARD OF REVIEW ................................................................................................ 2

ARGUMENT ....................................................................................................................... 2

CONCLUSION .................................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

Allen v. Cuomo, 100 F.3d 253 (2d Cir. 1996)........................................................................... 2

Bass v. Jackson, 790 F.2d 260 (2d Cir. 1986) ......................................................................... 3

Bhuiyan v. Wright, 2011 U.S. Dist. LEXIS 52033 (N.D.N.Y. May 13, 2011) .......................... 2, 3

Celotex Corp. v. Catrett, 477 U.S. 317 (1986) ........................................................................ 4, 5

Dan v. New York, 2025 U.S. Dist. LEXIS 139374 (N.D.N.Y. July 22, 2025) ............................. 3

DiStiso v. Cook, 691 F.3d 226 (2d Cir. 2012).......................................................................... 4, 5

Fabrikant v. French, 691 F.3d 193 [2d Cir. 2012] ................................................................... 4

Fischl v. Armitage, 128 F.3d 50 (2d Cir. 1997)....................................................................... 3

Gaston v. Coughlin, 249 F.3d 156 (2d Cir. 2001) ................................................................... 2, 3

Gillard v. Rosati, U.S. Dist. LEXIS 104723 (N.D.N.Y. Aug. 22, 2011)..................................... 6

Rodriguez v. City of New York, 72 F.3d 1051 (2d Cir. 1995)..................................................... 2

Schwimmer v. Kaladjian, 988 F. Supp. 631 (S.D.N.Y. 1997)..................................................... 2

Scott v. Harris, 550 U.S. 372 (2007)....................................................................................... 4

**Statutes**

42 U.S.C. § 1983..................................................................................................................... 2, 3

**Rules**

Rule 56 of the Federal Rules of Civil Procedure ....................................................................... 2, 7

## INTRODUCTION

Plaintiff, Peter Rupp ("Plaintiff" or "Rupp"), brought this action on October 22, 2024 against, *inter alios*, Joshua Bartlett ("Defendant" or "Bartlett") in his Third Amended Complaint (the "Complaint") after initially commencing his lawsuit against other defendants on March 21, 2024, for claims stemming from certain incidents of purported physical abuse on October 12, 2021 while he was incarcerated at Mid-State Correctional Facility ("Mid-State"). Plaintiff brings two (2) claims against Bartlett: (i) excessive force under 42 U.S.C. § 1983, and (ii) failure to intervene under 42 U.S.C. § 1983.

Given the absence of any record evidence that Bartlett was personally involved in the alleged physical abuse of Rupp, Bartlett moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") to dismiss this matter as against him.

## STATEMENT OF FACTS

Defendant respectfully directs the Court to the statement of material facts accompanying this memorandum ("SMF"), together with the exhibits cited therein that are attached to the affirmation of Thomas J. Higgs, Esq., for the pertinent facts concerning this matter. In sum and substance, Bartlett has testified that he did not assault Plaintiff or observe anyone assaulting Plaintiff, and there is no evidence to the contrary.

## STANDARD OF REVIEW

"The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish her right to judgment as a matter

of law." <u>Rodriguez v. City of New York</u>, 72 F.3d 1051, 1060-61 (2d Cir. 1995) (citation omitted). "A defendant moving for summary judgment must prevail if the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case." <u>Allen v. Cuomo</u>, 100 F.3d 253, 258 (2d Cir. 1996). While a Court "must resolve all ambiguities and draw all reasonable inferences in favor of the party defending against the motion, [it must also] inquire [as to] whether there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for the party, and to grant summary judgment where the nonmovant's evidence is merely colorable, conclusory, speculative or not significantly probative." <u>Schwimmer v. Kaladjian</u>, 988 F. Supp. 631, 638 (S.D.N.Y. 1997) (internal quotations and citations omitted). For the reasons that follow, it is respectfully submitted that this action be dismissed in its entirety – with prejudice – as against Bartlett, together with such other and further relief as the Court deems just, equitable, and proper.

**ARGUMENT**

**PLAINTIFF'S CLAIMS FOR EXCESSIVE FORCE AND FAILURE TO INTERVENE FAIL AS AGAINST BARTLETT BECAUSE BARTLETT WAS NOT "PERSONALLY INVOLVED" IN ANY ALLEGED ASSAULT.**

"In order to establish a violation of his Eighth Amendment rights, an inmate must show (1) a deprivation that is objectively, sufficiently serious that he was denied the minimal civilized measure of life's necessities, and (2) a sufficiently culpable state of mind on the part of the defendant official, such as deliberate indifference to inmate health or safety." <u>Gaston v. Coughlin</u>, 249 F.3d 156, 164 (2d Cir. 2001) (internal quotations & citations omitted). "In order to satisfy the objective element of the constitutional standard for excessive force, the defendants' conduct must be inconsistent with the contemporary standards of decency." <u>Bhuiyan v. Wright</u>, 2011 U.S. Dist. LEXIS 52033 at *23 (N.D.N.Y. May 13, 2011) (internal quotation & citation omitted). "The

2

subjective [state of mind] element requires a plaintiff to demonstrate the necessary level of culpability, shown by actions characterized by wantonness. The wantonness inquiry turns on whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Bhuiyan, at *23-24 (N.D.N.Y. May 13, 2011) (internal quotations & citations omitted).

Importantly, where, as here, the plaintiff names multiple defendants in his pleading, the plaintiff must meet an additional requirement: "Proof of an individual defendant's *personal involvement* in the alleged wrong is, of course, a prerequisite to his liability on a claim for damages under § 1983." Gaston, 249 F.3d at 164 (citations omitted, emphasis added). See also, Dan v. New York, 2025 U.S. Dist. LEXIS 139374 at *14 (N.D.N.Y. July 22, 2025), *quoting* Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986) (a plaintiff must show "some tangible connection between the acts of a defendant and the injuries suffered"). See also, Fischl v. Armitage, 128 F.3d 50, 55 (2d Cir. 1997) ("In order to succeed on a claim for damages under 42 U.S.C. § 1983 for violation of his constitutional rights, *the plaintiff must show by a preponderance of the evidence that the defendant was personally involved in the constitutional violation*. To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true") (internal quotations & citations omitted) (emphasis added).

Bartlett is entitled to summary judgment because he was not personally involved in any assault, either as a participant or observer (or otherwise).

To begin with, Bartlett testified in his deposition that that he did not physically assault Plaintiff or observe anyone else assault him:

> Q.   And to be clear, at no point on the date of the incident did you physically assault Mr. Rupp?
>
> A.   At no point. No.

3

Q.    You never punched him?

A.    No.

Q.    You never kicked him?

A.    No.

Q.    And you never slapped him?

A.    No.

Q.    And you never saw any other officer or sergeant do any of those things to Mr. Rupp?

A.    I did not.

(SMF ¶44.)  This testimony is sufficient to satisfy Bartlett's *prima facie* showing of entitlement to judgment as a matter of law and shifts the burden to Plaintiff to present counter-evidence demonstrating the existence of a triable question of material fact.  Scott v. Harris, 550 U.S. 372, 380 (2007) (declaring that to survive summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts").  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Scott, 550 U.S. at 380 (internal quotations omitted).  "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient to defeat a summary judgment motion" (Fabrikant v. French, 691 F.3d 193, 205 [2d Cir. 2012]), and "[a] court cannot credit a plaintiff's merely speculative or conclusory assertions." DiStiso v. Cook, 691 F.3d 226, 230 (2d Cir. 2012).

Moreover, it is self-evident that "there can be 'no genuine issue as to any material fact' [when there is] a complete failure of proof concerning an essential element of the nonmoving party's case [because this] necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  "The moving party is entitled to a judgment as a matter of law [if] the

4

nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex, 477 U.S. at 323.

In this case, there is no evidence to contest Bartlett's denial; the record is void of any evidence of Defendant having applied any type of force – excessive or otherwise – against Plaintiff.

Plaintiff admits that he did not know Defendant Bartlett: Plaintiff did not have any interactions with Bartlett before the alleged assault, (SMF ¶27) and admits he cannot identify any of his assailants as Bartlett:

> Q.     [A]s you sit here today, you can't identify if Mr. Bartlett was
>        striking you?
>
> A.     Correct.

(SMF ¶31.)  Indeed, the only reason Plaintiff named Bartlett as a defendant is because he became aware, after the fact, that DOCCS interviewed Bartlett (and other officers) about Plaintiff's administrative grievance to DOCCS. (SMF ¶28).

Furthermore, neither CORC nor OSI found any culpable conduct by Bartlett after conducting full investigations for what purportedly transpired in the SHU (as well as in the main facility), nor was Bartlett disciplined for any behavior – assault or otherwise – vis-à-vis Plaintiff. (SMF ¶¶36-42).

Absent any demonstrable proof that Bartlett administered any type of force against Plaintiff, Plaintiff's "excessive force" claim fails as a matter of law.  Celotex, 477 U.S. at 323 ("The moving party is entitled to a judgment as a matter of law [if] the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof"). Plaintiff's supposition that Bartlett was an assailant merely because he was interviewed by DOCCS is the very model of a "speculative or conclusory assertion" that is insufficient to defeat summary judgment. DiStiso, 691 F.3d at 230.

Plaintiff fares no better on a "failure to intervene" theory.  To establish liability on the part of a defendant under the theory of a failure to intervene, "a plaintiff must prove the use of excessive force by someone other than the individual and that the defendant under consideration 1) possessed actual knowledge of the use by another corrections officer of excessive force; 2) had a realistic opportunity to intervene and prevent the harm from occurring; and 3) nonetheless disregarded that risk by intentionally refusing or failing to take reasonable measures to end the use of excessive force." Gillard v. Rosati, U.S. Dist. LEXIS 104723, at *41-42 (N.D.N.Y. Aug. 22, 2011) (citations omitted), *recommendation adopted* 2011 U.S. Dist. LEXIS 103982 (N.D.N.Y. Sept. 14, 2011). Not only is the record void of any evidence supporting Plaintiff's claim that Bartlett engaged in the use of excessive force against him, but it is also void of any evidence showing that any corrections officers inflicted excessive force against Plaintiff or that anyone observed Plaintiff being subjected to assault by other corrections officers.  Indeed, Bartlett has denied under oath that he observed any assault (SMF ¶44), and Plaintiff has adduced no competent evidence to the contrary.

Given the absence of any record evidence that Plaintiff was assaulted by any corrections officers on the day in question, Plaintiff cannot prove that Defendant had actual knowledge of the use of excessive force by other corrections officers, that Defendant had a realistic opportunity to intervene and prevent Plaintiff from being harmed, or that Defendant intentionally refused and/or failed to take reasonable measures to end the use of excessive force.  As such, Plaintiff's claim for failure to intervene must be dismissed.

**CONCLUSION**

For all the foregoing reasons, it is respectfully submitted that this action be dismissed in its entirety – with prejudice – as against Defendant pursuant Fed. R. Civ. P. 56, together with such other and further relief as the Court deems just, equitable, and proper.

Dated:　　　July 2, 2026
　　　　　　Albany, New York

HACKER MURPHY, LLP

_____
Thomas J. Higgs, Esq. (Bar Roll No.:106047)
Benjamin F. Neidl, Esq. (Bar Role No.: 512303)
22 Corporate Woods Boulevard
Suite 404
Albany, NY 12211
(518) 274-5820
*Attorneys for Defendant Joshua Bartlett*

7