UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

PETER RUPP,

                            *Plaintiff*,

            -against-

SGT R.B. HOWARD; SGT SHORT;
CORRECTION OFFICER RASTANI;
CORRECTIONOFFICER ATCHER;
CORRECTION OFFICER M. KING;
CORRECTION OFFICER D. BURGER;
CORRECTION OFFICER C. BARNHART;
CORRECTION OFFICER W. MORAT;
CORRECTION OFFICER J. BARTLETT;
CORRECTION OFFICER M. JONES;
CORRECTION OFFICER JOHN DOES #1-2,

                            *Defendants*.

_____

**STATEMENT OF MATERIAL FACTS (L.R. 56)**

9:24-cv-00394
(AJB/ML)

Pursuant to Rule 56.1 of the Local Rules of this Court, Defendant Joshua Bartlett ("Defendant" or "Bartlett"), by and through his attorneys, Hacker Murphy, LLP, hereby respectfully presents this statement of material facts, as to which there is no genuine issue to be tried, in support of his motion for summary judgment.

1.      Plaintiff, Peter Rupp ("Plaintiff" or "Rupp"), commenced this action on March 21, 2024 against certain defendants, but not Bartlett. (Higgs Aff. at Ex. "**A"**; Dkt. No.: 1).

2.      Rupp filed an amended complaint on May 15, 2024 against additional defendants, but not Bartlett.  (Higgs Aff. at Ex. "**B**"; Dkt. No.: 7).

3.      Rupp filed a second amended complaint on September 4, 2024, but did not include Bartlett as a defendant. (Higgs Aff. at Ex. "**C**"; Dkt. No.: 38).

4.  A third amended complaint (the "Complaint") was filed by Rupp on October 22, 2024, which named Bartlett as a defendant. (Higgs Aff. at Ex. "**D**"; Dkt. No.: 52).

5.  On November 15, 2024, an answer was filed on behalf of, *inter alios*, Bartlett (the "Answer"). (Higgs Aff. at Ex. "**E**"; Dkt. No.: 59).

6.  Plaintiff has brought two (2) claims against Bartlett: (i) excessive force under 42 U.S.C. § 1983, and (ii) failure to intervene under 42 U.S.C. § 1983. (Higgs Aff. at Ex. "**D**" at pp. 10 & 11).

7.  Plaintiff alleges that Bartlett was a correctional officer at Mid-State Correctional Facility ("Mid-State") who was working in the Special Housing Unit ("SHU") on October 12, 2021. (Higgs Aff. at Ex. "**D**" at ¶¶ 14, 18 & 32).

8.  Plaintiff was incarcerated for criminal contempt in the first degree and was drafted into Mid-State in 2021 from Downstate Correctional Facility ("Downstate") (Higgs Aff. at Ex. "**F**" (31:17-19; 95:7-11).

9.  "[A] week, week and a half" after arriving at Mid-State Plaintiff moved into the Veteran's dormitory in late-July or early August of 2021. (Id. at 95:22-96:12; 101:4-11).

10. Plaintiff was incarcerated at Midstate from July 20, 2021 to May 16, 2022. (Higgs Aff. at Ex. "**G**").

11. On October 12, 2021, sometime in the mid-to-late afternoon, Plaintiff states that while in a class program located in Building 7, he was informed that he was being moved out of the Veteran's dormitory in Building 2B to Building 4 pursuant to the directive of

Ms. Younis, the "civilian that ran the veteran dorm."[1]  (Id. at ¶ 18; Higgs Aff. at Ex. "**F**" at 100:12-14; 102:17-20; 119:19 – 120:2-20; 125:9-16).

12.    Plaintiff testified in his deposition that the Veteran's dormitory comes with many "privileges" whereas Building 4 is "the building you don't want to live in." (Id. at 102:3-24; 125:13-16).

13.    While walking to the Veteran's dormitory to pack his belongings, Plaintiff testified that he and Ms. Younis crossed paths and had a verbal exchange stemming from Plaintiff's desire not to be moved out of the Veteran's dormitory.  (Id. at 122:21 – 128:9).

14.    Following his interaction with Ms. Younis, Plaintiff testified that he went to his dorm room and packed "two draft bags" and was ready to be transferred to Building 4.  (Id. at 134:5-9).

15.    Watching television while waiting to be transferred, Plaintiff testified that he was approached by a sergeant who had entered the Veteran's dormitory looking for him. (Id. at 135:18 – 136:16).

16.    Plaintiff testified that the sergeant ordered him to go into a hallway where five (5) or six (6) correction officers were waiting.  (Id. at 136-17 – 137:24).

17.    Thereafter, Plaintiff testified that he was beaten and subsequently handcuffed by those correction officers before being led out of the building and into a van.  (Id. at 141-13 – 170:23).

18.    Plaintiff testified that he was brought to Building 10 where the SHU was located.  (Id. at 174:14-16; 177:4-6).

---

[1]    In his deposition transcript, her name is spelled 'Eunice' (see, e.g., 100:12-14).

19. When they arrived at the SHU, Plaintiff testified that there were two (2) individuals waiting outside to receive him – one was Sergeant Short and the other unknown to Plaintiff. (Id. at 177:12-20).

20. Plaintiff could not recall which of the four (4) named corrections officers – "Barnhart, Morat, Bartlett, or Jones" – accompanied him into the SHU with Sergeant Short (Higgs Aff. at Ex. "**D**" at ¶¶ 32 & 33 and Ex. "**F**" at 177:12-178-10 & 286:3-20).

21. When asked if the corrections officer standing next to Sergeant Short was "a named defendant in the action," Plaintiff responded, "I imagine he is…." but otherwise did not testify that he recognized that particular corrections officer as any of the named defendants (Higgs Aff. at Ex. "**F**" at 178:3-7).

22. Upon entering the SHU, Plaintiff testified that he was ordered into a holding cage by Sergeant Short so a strip search of him could be conducted. (Id. at 187:6-23).

23. Plaintiff testified that the holding cage was the size of a "phone booth" and that no officer entered the holding cage while he was inside it – "I was in the cage by myself the entire time." (Id. at 189:13-23).

24. Plaintiff alleges in his pleading that he was again assaulted while in the holding cage by "Defendants Barnhart, Morat, Bartlett, and/or Jones." However, the pleading does not identify specific assailants, and in his deposition testimony Plaintiff did not identify Bartlett as an assailant. Higgs Aff. at Ex. "**D**" at ¶ 34.

25. The number of alleged assailant(s) is unknown to Plaintiff, who testified that it was "[a]t least three, but I always thought it was three or four." (Higgs Aff. at Ex. "**F**" (190:19-23).

26. Plaintiff also testified that he is unable to identify any of the officers who purportedly struck him while in the SHU's holding cage. (Id. at 190:24 – 191:8).

27. As to Bartlett specifically, Plaintiff testified that he did not know Bartlett and had no interactions with him prior to the alleged assault. (Id. at 85-90 and 290.)

28. Plaintiff testified that he obtained Bartlett's name, after the fact, by making a grievance to "the central office." (Id. 280:13 – 281:12.) In response to the grievance, that office provided Plaintiff with a list of persons that DOCCS interviewed when investigating the grievance. (Id.). As Plaintiff explained: "I had been told who was there. I don't know who was there that day. I don't know. I don't know these people []."

29. Plaintiff could not physically describe Bartlett other than to say that he was male and Caucasian. (Id. 281:13-15).

30. Plaintiff could not state a specific claim against Bartlett and testified that he does not "know who was there that day. I don't know. I don't know these people, so I've been told by DOCCS who was present…." (Id. 289:24 – 290:17).

31. Plaintiff testified that he could not recall ever meeting Bartlett, he could not attribute Bartlett saying anything to him, nor did he observe Bartlett striking him while in the holding cage of the SHU. (Id. 290:21 – 291:9; 293:15-17 (Q: "[A]s you sit here today, you can't identify if Mr. Bartlett was striking you?" A: "Correct.")).

32. There are no known documents connecting Bartlett to Plaintiff's allegations of excessive force or failure to intervene.

33. There are no known videos of the alleged assault(s) of Plaintiff.

34. There are no known witnesses identifying Bartlett as having assaulted Plaintiff, or of Bartlett failing to intervene during any purported assault of Plaintiff.

35.    Plaintiff filed a grievance concerning the alleged assaults, which was investigated by both the Incarcerated Grievance Program Central Office Review Committee ("CORC") and the Office of Special Investigations ("OSI").  (Higgs Decl. at Exs. "**H**" & "**I**" respectively).

36.    Both CORC and OSI, following their respective investigations, concluded that Plaintiff's claims of abuse were unsubstantiated as to any Mid-State employee.  (See, Ex. H at Bates Nos. 000003 & 000007 ("Contrary to the grievant's assertions, sufficient evidence has not been presented to substantiate any malfeasance by staff.  The grievant has not substantiated his claim that he has been the victim of assault by staff nor has sufficient evidence been produced to support such a conclusion") & Ex. I *in toto*).

37.    As part of the CORC investigation, it was reported that – following an interview with Plaintiff on October 24, 2021 – Plaintiff "states that he had no issues on the 10-1 SHU since his admission there and states that his desire is that if the two tickets 'go away' he will drop his allegation of misconduct.  He claims he has a merit board hearing coming up and these reports will likely mess that up." (Higgs Aff. at Ex. H at 000011).

38.    Interviews with other incarnated individuals revealed that they had heard Plaintiff "getting into sparring type fights … with other [incarcerated individuals] that did not get reported which would explain the faded injuries as noted by medical staff." (Id. at 000012).

39.    Each of the correction officers and sergeants interviewed by CORC – including Bartlett – reported that they did not assault Plaintiff nor did they witness anyone who did so. (Id. at 000013-22).

40.    Similarly, OSI reported that its interviews with Mid-State staff – including Bartlett – that ███████████████████████████████████████████████ ███████████████ (Higgs Aff. at Ex. I at p.1).

41.    The OSI reports of interviews with the Mid-State staff working in the SHU – including Bartlett – reveal the same: ██████████████████████████ ██████████ (Higgs Decl. at Ex. "**J**")

42.    OSI reported that while a medical examination of Plaintiff on October 13, 2021 revealed bruises on Plaintiff, these ████████████████████████████ ███████████████████████████████████████ (Higgs Aff. at Ex. I at pp. 2 & 3).

43.    During his deposition in this matter on February 12, 2025, Bartlett testified that he was working as the floor officer in the SHU.  (Higgs Aff. at Ex. "**K**" at 16:14-22).

44.    Bartlett testified that he did not physically assault Plaintiff, nor did he observe anyone else physically assaulting Plaintiff.  (Id. at 24:22-25:9).

Dated:       July 2, 2026
             Albany, New York

                      **HACKER MURPHY, LLP**

                      _____
                      Thomas J. Higgs, Esq. (Bar Roll No.:106047)
                      Benjamin F. Neidl, Esq. (Bar Role No.: 512303)
                      22 Corporate Woods Boulevard - Suite 404
                      Albany, NY 12211
                      (518) 274-5820
                      *Attorneys for Defendant Joshua Bartlett*